1  Barbara J. Forde, #013220
   Barbara J. Forde, P.L.C.
2  20247 N. 86th Street
   Scottsdale, AZ  85255
3  (602) 721-3177
   bforde@cox.net
4  Pro Se Plaintiff

5

6  **UNITED STATES DISTRICT COURT**

7  **DISTRICT OF ARIZONA**

|  |  |
|---|---|
| 8  BARBARA J. FORDE, a married woman dealing with her sole and separate property, | No. CV 10-01922-PHX-MEA |
| 9 | |
| 10         Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT QUALITY LOAN SERVICE CORPORATION'S MOTION TO DISMISS** |
| 11      v. | |

12  FIRST HORIZON HOME LOAN
   CORPORATION, a Kansas Corporation;
13  METLIFE HOME LOANS, a division of
   METLIFE BANK, NA; THE BANK OF
14  NEW YORK MELLON f/k/a THE
   BANK OF NEW YORK, as Trustee for
15  the HOLDERS OF THE
   CERTIFICATES, FIRST HORIZON
16  MORTGAGE PASS-THROUGH
   CERTIFICATES SERIES FH05-FA8;
17  FIRST HORIZON HOME LOANS, a
   division of FIRST TENNESSEE BANK
18  NATIONAL ASSOCIATION;
   MORTGAGE ELECTRONIC
19  REGISTRATION SYSTEMS, INC., a
   Delaware Corporation; QUALITY LOAN
20  SERVICE, CORPORATION, a California
   Corporation; JOHN AND JANE DOES 1-
21  15, XYZ CORPORATIONS 1-15; ABC
   LIMITED LIABILITY COMPANIES 1-
22  15; and 123 BANKING ASSOCIATIONS
   1-15,

23

24         Defendants.

25

26

# I.  INTRODUCTION.

Plaintiff Barbara J. Forde, Esq., ("Plaintiff"), without submitting to the jurisdiction of this Court,[1] hereby files her response to Defendant Quality Loan Service Corporation's Motion to Dismiss (the "Motion").  In spite of numerous detailed allegations regarding Quality Loan Service's ("QLS") breach of obligation under the statutes, QLS asserts that "there are no allegations that Quality breached any of its obligations pursuant to A.R.S. §§ 33-801 et seq. or the Deed of Trust."  *See* Motion, p. 3.

The Motion must be denied, as Plaintiff has asserted numerous claims against QLS arising out of breaches of its duties as the doubly-appointed trustee under the Deed of Trust between Plaintiff as Trustor and Mortgage Electronic Registration Systems, Inc. ("MERS") as sole Beneficiary.  Claims against the Trustee for breach of the Trustee's obligation, is a cause of action allowed under A.R.S. § 33-807(E).  The standard on a motion to dismiss has therefore been satisfied.  Further, as the allegations in the Complaint clearly delineate these claims in detail, Plaintiff is entitled to her attorney's fees in having to respond to this Motion.

## II.  MEMORANDUM OF POINTS AND AUTHORITIES.

**A.**      **Applicable Law Requires that the Court Assume the Truth of all Well-Plead Facts on a Motion to Dismiss**.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where that claim lacks a cognizable legal theory, or where insufficient facts are alleged to support the plaintiff's theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  In deciding a Rule 12(b)(6) motion, a district court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. *Cahill v. Liberty*

---

[1]   Plaintiff filed her Motion to Remand to state court on September 24, 2010.  In filing this pleading, Plaintiff does not admit that this action is properly before this Court. *See, e.g., Henderson v. Holmes,* 920 F.Supp. 1184, 1187 (D. Kan. 1996)(a defendant who filed an answer in federal court without explicitly consenting to removal in its answer, "does not satisfy the unambiguous expression of consent required….").

1    *Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  In addition, material properly submitted as

2    part of the complaint may be considered on a motion to dismiss.  *Branch v. Tunnell,* 14 F.3d 449,

3    453 (9th Cir. 1994).

4            As set forth below, assuming the truth of Plaintiff's allegations, QLS' Motion to Dismiss

5    must be denied.

6

7    **B.       Plaintiff Has Alleged Sufficient Facts to Withstand Dismissal**.

8            Plaintiff details, in her Complaint, numerous defects with the documents generated in an

9    effort to notice a trustee's sale on her home located at 20247 N. 86th Street in Scottsdale, Arizona

10   (the "Property").  Those defects are recounted below.

11

12           1.       **An Authorized Officer of a Corporation With Standing Must Sign the
                      Foreclosure Documents**.

13

14           As Trustee under the Deed of Trust,[2] QLS is the company with the task of properly

15   preparing, compiling, obtaining authorized signatures on, and serving legal paperwork, to

16   effectuate the sale.  *See* A.R.S. § 33-803.01.  Because the Deed of Trust statutes "*strip borrowers*

17   *of many of the protections available under a mortgage*," lenders and others using these statutes

18   must strictly comply with them.  *Patton v. First Fed. Sav. & Loan Ass'n,* 118 Ariz. 473, 477, 578

19   P.2d 152, 156 (1978)(emphasis supplied).  As a result of the stripping of borrowers' rights, the

20   statutes and Deeds of Trust must be strictly construed in favor of the borrower.  *Id.*

21

22           QLS has twice noticed trustee's sales on the Property; once for a sale date of July 10,

23   2009 (the "First Foreclosure"), and again for a sale date of August 27, 2010 (the "Second

24   Foreclosure").  QLS did not comply with the Arizona statutes and applicable law, ***either*** time.

25   _____

26   [2] Plaintiff disputes the authority of QLS as Trustee, but for the moment Plaintiff will assume that
     QLS was properly appointed the Trustee.

a.      The Unauthorized/False Documents Generated by QLS for the First
Foreclosure.

On April 8, 2009, Jim Montes of QLS, by his own signature, appointed *his own employer QLS* as the substitute trustee, in place of North American Title, through a Substitution of Trustee (the "First Substitution").  Mr. Montes purported to sign as "attorney in fact" for First Horizon Home Loans, a division of First Tennessee Bank National Association ("FHHL").  No documents have been provided proving that QLS is attorney-in-fact for FHHL.  The Substitution claimed that First Horizon Home Loans was the present Beneficiary under the Deed of Trust.  This assertion was in fact *false*; MERS was the sole Beneficiary.  *See* Complaint ¶ 33; Exhibit "C."  The Substitution must be signed by the beneficiary or the beneficiary's agent.  A.R.S. § 33-804; *Eardley v. Greenberg,* 164 Ariz. 261, 264, 792 P.2d 724, 726 (1990).  This was not done; the First Substitution, a false document, was recorded on April 10, 2009.  *See* Complaint ¶ 33.

Also on April 8, 2009, Jim Montes of QLS, acting under the false First Substitution, signed and recorded a Notice of Trustee's Sale (the "First Notice"), setting a sale date of July 10, 2009.  The First Notice was recorded on April 10, 2009.  *See* Complaint ¶ 34; Exhibit "C."

The Statement of Breach or Non-Performance indicated that Plaintiff was in breach of the loan.  It was not signed; instead the name Rochelle Matkin was typed in, in the signature blank.  Rochelle Matkin was listed as "agent" of FHHL.  In fact Ms. Matkin works for QLS.  *See* Complaint ¶ 44.  Again, no documents have been provided showing any authority of QLS employees to sign on behalf of FHHL.

It is Blackletter law that only a representative of a company with legal authority may sign binding legal documents on that company's behalf.  *See, e.g.,* 7A U.C.C. § 5-109:11 (3rd ed.)("it is likely that presentation of an unauthorized document, at least where the beneficiary is aware of

its unauthorized nature, would qualify as a fraudulent document or material fraud.")(author's commentary); *Beazley v. Turgeon*, 772 S.W.2d 53, 60 (Ct. App. TN 1989)(sustaining plaintiff's declaratory judgment action to set aside a deed of trust as a forgery, declaring same to be null and void); A.R.S. § 47-8205 ("An unauthorized signature placed on a security certificate before or in the course of issue is ineffective…..").  Further, a notary who notarizes that signature, knowing the lack of authority, may also be committing defalcation, up to and including being a co-conspirator to fraud.  *See generally, Baker et al. v. Stewart Title & Trust,* 320 Ariz.Adv.Rep 51, 5 P.3d 249 (Ct. App. 2000).  *See also* A.R.S. § 47-3403(A)(relating to negotiable instruments, providing that "an unauthorized signature is ineffective…..").

Here, the foreclosure mill QLS signed every document that started the July, 2009 Trustee's Sale, *including the document giving QLS authority to sign the documents*.  Plaintiff has been provided no documents showing that QLS had legal authority to sign any of these documents.  Accordingly, Plaintiff has stated a claim against QLS for a breach of its duties under the statute.

One further defect in the First Foreclosure also demonstrates the illegal nature of those proceedings.  The Deed of Trust clearly shows that MERS is the sole beneficiary.  *See* Complaint Exhibit "B."  Nevertheless, the Notice of Trustee's Sale for the First Foreclosure, signed again by Jim Montes of QLS, represents that the "Current Beneficiary" is First Horizon Home Loans, a division of First Tennessee Bank National Association, c/o MetLife Home Loans a division of MetLife Bank, N.A.  *See* Complaint Exhibit "C."  This representation was false.  Recordation of this Notice of Trustee's Sale, and of the false First Substitution, was a violation of, among other laws, A.R.S. § 33-420(A) and (E).

Had Plaintiff been aware of the illegal nature of the foreclosure proceedings, she would not have liquidated her 401(k) or paid the reinstatement amount, and would have instead filed suit. *See* Complaint ¶ 50.

        b.      <u>The Unauthorized/False Documents Generated by QLS for the Second Foreclosure</u>.

The same or similar defects and errors are contained in the Second Foreclosure documents. On April 14, 2010, MERS purportedly assigned its beneficial interest in the DOT to BNY Mellon by way of an Assignment of Deed of Trust ("Assignment"). The Assignment claims that it is assigning not only the beneficial interest under the Deed of Trust, but also "the Promissory Note secured by said Deed of Trust…." *See* Complaint ¶ 83; Exhibit "E."

The Assignment was recorded on April 15, 2010. Tim Bargenquast, described as Vice President of MERS, signed the Assignment. Plaintiff's Complaint alleges that Bargenquast is not now, and never has been, an employee of MERS. In fact, Tim Bargenquast is a Support Staff Manager for QLS. Bargenquast is not an Officer of, or even employed by, a member of MERS. Nor is Bargenquast an Officer of QLS. Plaintiff alleged in her Complaint, that Bargenquast cannot legally be appointed as a certifying officer/agent of MERS. Accordingly, the Assignment of DOT signed by Bargenquast on April 14, 2010, recorded on April 15, 2010, is void and of no force and effect. *See* Complaint ¶¶ 83-86.

No documents have been provided demonstrating Mr. Bargenquast's legal capacity to sign on behalf of MERS. The Complaint asserts that this unauthorized signature on the Assignment renders the Assignment and therefore the Notice and Substitution void, which in turn renders the sale void. *See* Complaint, ¶¶ 86, 93.

The Second Substitution and the Second Notice suffer from similar unauthorized signature issues.  On May 27, 2010, the Second Substitution was recorded against Plaintiff's property.  The Second Substitution was purportedly made by The Bank of New York Mellon f/k/a The Bank of New York, executed by Marcia Williams, designated as Assistant Vice President.  The Second Substitution claims that BNY Mellon is the beneficiary under the Deed of Trust, and purports to substitute QLS as trustee.  Plaintiff's Complaint asserts that Ms. Williams is employed by First Horizon, not BNY Mellon.  Indeed, Ms. Williams' signature is notarized in Dallas County, Texas- a long way from New York.  The Second Substitution was not signed by an authorized officer of BNY Mellon, accordingly, it is void.  *See* Complaint ¶¶ 89, 90.  QLS, as the Trustee initiating this Trustee's Sale, obtained and recorded this document, even though Ms. Williams had no authority to sign the Second Substitution.

On May 26, 2010, Earl Hopida, designated as an Assistant Vice President of QLS, signed a Notice of Trustee's Sale (the "Second Notice"), claiming to be the trustee under the Deed of Trust, and claiming to act on behalf of the alleged beneficiary under the Deed of Trust, BNY Mellon.  The Notice was recorded on May 27, 2010.  Mr. Hopida is variously described on the numerous Notices of Trustee's Sale that he signs on behalf of QLS's foreclosure mill practice, as a Vice President and as an Assistant Vice President.  *See* Complaint ¶¶ 91, 92.

In her Complaint, Plaintiff alleges that the Second Notice is void and of no force and effect, because the Assignment is void and the Second Substitution is void.  *See* Complaint ¶ 93.

As for the Second Substitution, there are many grounds for asserting that it is invalid, all which are well known to QLS who recorded the documents in spite of their defects under the law. No filing has been made at the Maricopa County Recorder's office showing a resignation of

North American Title as the original Trustee under the Deed of Trust, and a new appointment of Trustee, for QLS.  This resignation is required.  A.R.S. § 33-804.  The Second Substitution is void because the Assignment of the DOT to BNY Mellon is void (because Ms. Williams is an employee of First Horizon); therefore the beneficiary under the DOT did not appropriately appoint QLS.  Further, Competing Substitutions of Trustee are on record at the Maricopa County Recorder's Office, appointing QLS as trustee, by two different alleged beneficiaries, on two different dates, namely April 10, 2009, and May 27, 2010.  QLS has never filed a resignation as Trustee under the Deed of Trust pursuant to the April 10, 2009 appointment.  *See* Complaint ¶¶ 94-96.

No evidence has been provided to demonstrate that Ms. Williams had authority to sign for BNY Mellon, or that QLS was properly appointed the Trustee so that Mr. Hopida could legally sign on behalf of QLS.

The law cited by Plaintiff in section B(1)(a) above demonstrates that Plaintiff has a claim against QLS for its violation of its duties and failure to follow the statutes and law.  This is not a case where QLS was named simply because its name appears on foreclosure documents.  QLS engaged in a pattern of placing unauthorized signatures on numerous documents in order to speed up its foreclosure process.  This practice was repeated by QLS in two separate foreclosure proceedings, on multiple foreclosure documents.  Multiple instances of unauthorized signatures on legal documents seeking to take away Plaintiff's home cannot be allowed.

Accordingly, Plaintiffs have stated a claim for relief based on the unauthorized signatures on the Assignment, First and Second Notices, and First and Second Substitutions.  All these allegations must be assumed to be true on this Motion to Dismiss.  As the Trustee initiating a

Trustee's Sale under Arizona statute, QLS had a strict duty to follow the statutes to the letter. The non-judicial foreclosure process strips a borrower's rights away; failure to adhere to the law in these circumstances gives rise to a claim against the Trustee for breach of the trustee's obligations.  These statutes are to be strictly construed in favor of the borrower.  *Patton,* 118 Ariz. at 477, 578 P.2d at 156.  Given the lack of authority for the documents which QLS recorded in an effort to take Plaintiff's home, Plaintiff has clearly and plainly stated a claim against QLS for breach of obligations under A.R.S. § 33-807(E), including but not limited to fraud, consumer fraud, quiet title, and other causes of action.  *See generally,* Complaint.

**C.**    **Plaintiff Is Entitled to Her Attorney's Fees for Having to Respond to this Motion.**

Plaintiff's Complaint alleges, clearly and in detail, the numerous critical failures of QLS with respect to initiating both the First, and the Second, Foreclosures.  QLS failed to follow the statutes and law regarding authorized signatures on critical documents.  QLS could not believe that the only reason it was sued, was because it happens to be the designated Trustee under the Substitutions recorded.  Plaintiff therefore seeks her fees in having to respond to this Motion.

### III.  CONCLUSION.

Based on the foregoing, Plaintiff respectfully requests that the Motion of QLS be denied, and that she be granted her attorney's fees in having to respond.

RESPECTFULLY SUBMITTED this 4th day of October, 2010.

**BARBARA J. FORDE, P.L.C.**

By:    s/Barbara J. Forde
            Barbara J. Forde, Esq.
            20247 N. 86th Street
            Scottsdale, AZ  85255
            Pro Se Plaintiff

1   I hereby certify that on October 4,
2   2010, I electronically transmitted this document
    to the Clerk's office using the CM/ECF
3   System for filing and transmittal of a
    Notice of Electronic Filing to the following
4   CM/ECF Registrants:

5   Paul M. Levine
    Matthew A. Silverman
6   Jessica R. Kenney
7   MCCARTHY HOLTHUS LEVINE
    8502 E. Via de Ventura, Suite 200
8   Scottsdale, AZ  85258
    *Attorneys for Defendant Quality Loan Service Corp.*
9
    Christopher M. McNichol
10  GUST ROSENFELD P.L.C.
11  One East Washington Street
    Suite 1600
12  Phoenix, AZ  85004
    *Attorney for Defendants First Home Loans, a*
13  *division of First Tennessee Bank National Assoc.;*
    *MetLife Home Loans, a division of MetLife Bank,*
14  *N.A.; The Bank of New York Mellon f/k/a The*
15  *Bank of New York, as Trustee for the Holders of the*
    *Certificates, First Horizon Mortgage Pass-Through*
16  *Certificates Series FH05-FA8; and Mortgage Electronic*
    *Registration Systems, Inc.*
17
18  s/ Barbara J. Forde, Esq.

19

20

21

22

23

24

25

26