Barbara J. Forde, #013220
Barbara J. Forde, P.L.C.
20247 N. 86th Street
Scottsdale, AZ 85255
bforde@cox.net
(602) 721-3177
Pro Se Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

BARBARA J. FORDE, a married woman dealing with her sole and separate property,

Plaintiff,

v.

FIRST HORIZON HOME LOAN CORPORATION, a Kansas Corporation; METLIFE HOME LOANS, a division of METLIFE BANK, NA; THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, as Trustee for the HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FH05-FA8; FIRST HORIZON HOME LOANS, a division of FIRST TENNESSEE BANK NATIONAL ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; QUALITY LOAN SERVICE, CORPORATION, a California Corporation; JOHN AND JANE DOES 1-15, XYZ CORPORATIONS 1-15; ABC LIMITED LIABILITY COMPANIES 1-15; and 123 BANKING ASSOCIATIONS 1-15,

Defendants.

No. CV 10-01922-PHX-MEA

**PLAINTIFF'S RESPONSE TO MOTION TO STRIKE SUPERIOR COURT COMPLAINT UNDER RULES 8(a)(2) AND (d)(1)**

## I. INTRODUCTION.

Pursuant to Rule 12(f), Fed.R.Civ.P., Plaintiff Barbara J. Forde hereby files her response to the Motion to Strike Superior Court Complaint Under Rules 8(a)(2) and (d)(1) ("the Motion to Strike") filed by the "MetLife Defendants."[1] Essentially, the MetLife Defendants seek to strike Plaintiff's *entire complaint* based on their criticism that it is too long. Clear, on-point Ninth Circuit authority holds very specifically that this type of motion to strike has no merit. The Motion to Strike must be denied and Plaintiff is entitled to her fees for having to respond to this "time-waster" motion.

## II. MEMORANDUM OF POINTS AND AUTHORITIES.

Rather than address Plaintiff's claims on their merits, the MetLife Defendants have chosen to move this Court to strike the entire complaint. Describing her complaint with the cliché "kitchen sink," the MetLife Defendants try to discredit Plaintiff's claims by calling her complaint a "novel." See Motion to Strike, pp. 2-3. Unfortunately for the MetLife Defendants, hyperbole will not assist them in the face of Ninth Circuit and Arizona District Court authority which decimate their arguments.

"Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have *no possible relation* to the controversy, and may cause *prejudice* to one of the parties." *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, 2010 WL 3034880 at *3 (D. Ariz. 2010)(emphasis supplied). *See also, Holyoak v. United States*, 2009 WL 1456742 at *1 (D. Ariz. 2009)("[m]otions to strike are a drastic remedy and generally disfavored.")(quoting *Macquarie Group Ltd. v. Pacific Corporate Group, LLC*, 2009 WL 539928 at *3 (S.D. Cal. 2009)(citing 5C Wright & A. Miller, *Federal Practice and Procedure* § 1380 (3d ed. 2004)). Wright and Miller provide a succinct summary of the law:

> [F]ederal judges have made it clear, in numerous opinions they have rendered in many substantive contexts, that Rule 12(f) motions to strike … are not favored, often being considered purely cosmetic or "time wasters," there appears to be

[1] So styled by Christopher McNichol, who filed the Motion to Strike on behalf of his clients.

> general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.

5C Wright & A. Miller, *Federal Practice and Procedure* § 1382 (3d ed. 2004). District Courts within our Circuit are in accord with this summary. *See, e.g., Stewart v. Wachowski*, 2004 WL 5618386 at *5 (C.D. Cal. 2004)(motions to strike are not favored, often being considered "time wasters" and will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties)(quoting *Dah Chong Hong, Ltd. v. Silk Greenhouse, Inc.*, 719 F.Supp. 1072, 1073 (M.D.Fla. 1989)). "If there is any doubt as to whether under any contingency the matter may raise an issue, the motion may be denied." *TriQuint*, 2010 WL 3034880 at *3 (quoting *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 554 (D. Haw. 1998)).

As the moving party, the MetLife Defendants have the burden of persuading the Court that the entire Complaint should be stricken. *See TriQuint*, 2010 WL 3034880 at *3. Whether to strike is within the discretion of the Court, which views the pleadings in the light most favorable to the non-moving party. *Stewart,* 2004 WL 5618386 at *5. Any doubt must be decided in favor of the non-movant. *TriQuint*, 2010 WL 3034880 at *3.

The MetLife Defendants cannot meet their burden. Under the above authorities, the MetLife Defendants would have to prove that the entire Complaint has no possible relation to the controversy and that they will suffer prejudice in having to defend at all. These Defendants have *not even alleged* any of these things; they only protest that the Complaint is too long.

One case from the Ninth Circuit Court of Appeals swiftly disposes of this Motion. *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124 (9th Cir. 2008). Hearns was an African-American male police officer employed by the City of San Bernardino. 530 F.3d at 1127. He sued the City and 10 unnamed defendants for race discrimination and retaliation. *Id.* His complaint was 81 pages long and contained 17 claims. *Id.* Defendants moved to dismiss the

entire complaint based on Federal Rule of Civil Procedure 8(a), which motion was granted, with leave to file an amended complaint. *Id.* An amended complaint was filed which was 68 pages long, containing the same 17 claims. The 13-page reduction resulted primarily from narrowing the margins. *Id.* Defendants again moved to dismiss under Rule 8(a), which motion was granted for failure to obey the court's prior order to comply with Rule 8(a). *Id.*

On appeal to the Ninth Circuit, the Court found that the District Court abused its discretion in dismissing the complaint, *both times*. *Id.* at 1130, 1132. The Court noted that 42 pages of the first amended complaint were dedicated to relating Plaintiff's 17-year history as a police officer, and 22 pages alleged 17 different claims which clearly identified each claim and each defendant named in each claim. *Id.* at 1130. In their motion, the defendants did not identify particular allegations which were immaterial or unnecessary, nor did they assert that the complaint failed to set forth cognizable causes of action. *Id.* at 1130. Defendants did not allege that legal theories were incoherent, or that they could not tell which causes of action were asserted against which defendants. *Id.* Rather, *"[t]hey simply object that the complaint provides too much factual detail."* *Id.* (emphasis supplied). The Ninth Circuit stated simply, "[w]e reject Defendants' argument and conclude that neither complaint violated Rule 8(a)." *Id.*

The Ninth Circuit then went on to explain for the parties and future litigants, like the MetLife Defendants, why previous decisions which properly disposed of a complaint based on Rule 8(a), did not apply. Of particular note here was the *Hearns* Court's distinguishing of a case relied upon by the MetLife Defendants here, *McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1996). The Ninth Circuit pointed out that the final amended complaint[2] in *McHenry* was argumentative, prolix, replete with redundancy, largely irrelevant, and no defendant could decipher for what he was being sued. *Hearns*, 530 F.3d at 1130. Plaintiffs in that case set out their claims in a single sentence thirty lines long, alleging numerous and different violations of rights, without specifying

[2] Note that the court did not immediately dismiss the complaint even in *McHenry*; plaintiffs were given three chances to amend their 53-page long complaint before the case was dismissed with prejudice, and the court provided specific suggestions on how the plaintiffs could improve their pleading, including eliminating a 26-page introduction. *McHenry,* 84 F.3d at 1175-76.

which of the twenty named defendants may be liable for which of the wrongs. *McHenry*, 84 F.3d at 1174.

The Motion to Strike filed by the MetLife Defendants does not state that allegations are immaterial or unnecessary, that the Defendants are unable to tell what legal claims are being made against them, or that the legal theories asserted are incoherent. Nor do the MetLife Defendants assert any prejudice which will be suffered if the Complaint remains in its current form. To the contrary, *just like in Hearns*, the MetLife Defendants complain only that they do not want to have to respond to this Complaint which they consider to be too detailed.

The *Hearns* Court concluded its analysis with a discussion of a case decided forty years earlier, *Agnew v. Moody*[3], upon which the defendants relied in arguing that the complaint at issue should be dismissed. Most critically to the issue now before this Court, the *Hearns* Court stated:

> *Agnew* cannot fairly be read as holding that excessive length, by itself, is a sufficient basis for finding a violation of Rule 8(a). … *Agnew* has never been cited by this court as standing for the proposition that a complaint may be found to be in violation of Rule 8(a) solely based on excessive length, nor does any other Ninth Circuit case contain such a holding.

*Hearns*, 530 F.3d at 1131 (emphasis supplied).

In addition to the fact that the complaint in *McHenry* bears no resemblance to the Complaint before this Court, the Ninth Circuit Court of Appeals has decreed that it has **never held** that a complaint is in violation of Rule 8(a) because it is too long. The MetLife Defendants' reliance on *McHenry*, in this matter, goes directly against this Ninth Circuit precedent. The mere fact that Plaintiff's Complaint is long, is no basis for striking it.[4]

The MetLife Defendants cite only two other cases in their attempt to strike Plaintiff's entire Complaint. These cases fare no better than *McHenry*, and in fact pertain to complaints far

---

[3] *Agnew v. Moody*, 330 F.2d 868 (9th Cir. 1964).

[4] Indeed, even in case of egregious violations of Rule 8(a), the Courts provide the plaintiff with multiple opportunities to amend before dismissing the complaint outright. *See, e.g.*, *McHenry*, 84 F.3d at 1174 (providing the plaintiff 3 opportunities to amend); 5 Wright & Miller, *Fed. Prac. & Proc.* § 1281 (3d ed.)("If the district court grants a motion to strike … ordinarily it will do so without prejudice and permit the filing of an amended pleading.")

lengthier than Plaintiff's, here. In neither case was the complaint dismissed or stricken. For instance, in the first case, a 125-page complaint, although containing "a mass of details … clearly surplusage in stating a claim," was not dismissed or stricken, but was instead decided on its merits. *Hartz v. Friedman*, 919 F.2d 469, 471 (7th Cir. 1990). In the other case cited, at issue was a 269-page complaint with 1,322 numbered paragraphs and 159 counts. *Anserv Ins. Svcs Inc. v. Albrecht*, 192 Ariz. 48, 49 ¶ 3, 960 P.2d 1159, 1160 ¶ 3 (1998). The Supreme Court did state that the trial judge should have stricken the complaint, but refused to strike it at such a late stage, as the parties were already well into the litigation, having exchanged "massive disclosure statements," taken extended depositions, and participated in a Rule 16 Scheduling Conference. *Id.* at 50 ¶ 10, 960 P.2d at 1161 ¶ 10.

Accordingly, not one of the three cases cited by the MetLife Defendants supports their Motion to Strike. Their primary case was distinguished by the Ninth Circuit, while their other cases arise out of egregious examples of pleadings hundreds of pages long, which are so convoluted that the parties cannot determine the claims being asserted, or against whom the claims are asserted. The MetLife Defendants' cases are not even arguably applicable.

That the Complaint here contains more factual detail than some, and may be longer than some, is of no real import:

> Perfection in pleading is rare. There may be allegations in the complaint which might have been more briefly and clearly stated, and some sentences which might properly have been left out, but this kind of criticism could be urged in all cases. Prolixity is a besetting sin of most pleaders. Courts should deal with the substance, and not the form of the language of the pleadings. Where no harm will result from immaterial matter not affecting the substance, courts should hesitate to disturb a pleading. Another consideration, in such circumstances, is that to grant the motion would delay bringing the case to a speedy trial.

*Securities and Exchange Comm'n v. Timetrust, Inc.*, 28 F.Supp.34, 44 (N.D.Cal. 1939).

*Hearns* governs the disposition of the Motion to Strike. In that case, where the complaint was longer, and contained more factual detail that the one at issue here, the Ninth Circuit Court of Appeals refused to affirm the striking of the complaint. Viewing this Complaint in the light most

favorable to the Plaintiff, with the sole argument for striking it being its length, this Motion fails. In spite of clear, directly on-point authority in our Circuit, the MetLife Defendants chose to file a Motion to Strike the entire pleading rather than file an answer. Given the lack of merit in the Motion to Strike, Plaintiff respectfully requests an award of her attorney's fees, pursuant to Fed.R.Civ.P. 11, for having to respond to the Motion. *See, e.g., Giovanni v. Sea-Land Service, Inc.*, 1997 WL 227897 at *9 (N.D.Cal. 1997)(awarding attorney's fees to non-movant on motion to strike a motion for summary judgment which was frivolous and not warranted by law).

## III. CONCLUSION.

Based on the foregoing, Plaintiff respectfully requests that the Motion to Strike be denied and that Plaintiff be awarded her fees.

RESPECTFULLY SUBMITTED this 6th day of October, 2010.

**BARBARA J. FORDE, P.L.C.**

By: s/Barbara J. Forde
Barbara J. Forde, Esq.
20247 N. 86th Street
Scottsdale, AZ 85255
Pro Se Plaintiff

I hereby certify that on October 6, 2010, I electronically transmitted this document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Paul M. Levine
Matthew A. Silverman
Jessica R. Kenney
MCCARTHY HOLTHUS LEVINE
8502 E. Via de Ventura, Suite 200
Scottsdale, AZ 85258
*Attorneys for Defendant Quality Loan Service Corp.*

Christopher M. McNichol
GUST ROSENFELD P.L.C.
One East Washington Street
Suite 1600
Phoenix, AZ 85004
*Attorney for Defendants First Home Loans, a division of First Tennessee Bank National Assoc.; MetLife Home Loans, a division of MetLife Bank, N.A.; The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FH05-FA8; and Mortgage Electronic Registration Systems, Inc.*

s/ Barbara J. Forde, Esq.