Paul M. Levine, Esq. (007202)
Matthew Silverman, Esq. (018919)
Jessica R. Kenney, Esq. (026615)
**MCCARTHY ◆ HOLTHUS ◆ LEVINE**
8502 E. Via de Ventura, Suite 200
Scottsdale, AZ 85258
Telephone: (480) 320-4100
plevine@mhlevine.com
*Attorneys for Defendant Quality Loan Service Corporation*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BARBARA J. FORDE, a married woman dealing with her sole and separate property, | Case No. CV10-01922-PHX-MEA |
| Plaintiff, | **DEFENDANT QUALITY LOAN SERVICE'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| FIRST HORIZON HOME LOAN CORPORATION, a Kansas Corporation; METLIFE HOME LOANS, a division of METLIFE BANK, NA; THE BANK OF NEW YORK MELLON f/k/a THE BANK OF NEW YORK, as Trustee for the HOLDERS OF THE CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIS FH05-FA8; FIRST HORIZON HOME LOANS, a division of FIRST TENNESSEE BANK NATIONAL ASSOCIATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corporation; QUALITY LOAN SERVICE CORPORATION, a California Corporation; JOHN AND JANE DOES 1-15, XYZ CORPORATIONS 1-15, ABC LIMITED LIABILITY COMPANIES 1-15, and 123 BANKING ASSOCIATIONS 1-15, | |
| Defendants. | |

AZ10-7174

Defendant, Quality Loan Service Corporation ("Quality"), by and through its counsel undersigned, submits this Reply in support of its Motion to Dismiss. Despite her efforts, Plaintiff has failed to allege any claims "pertaining to a breach of the trustee's obligation under this chapter [A.R.S. §§ 33-801, et seq.] or under the deed of trust." Accordingly, pursuant to A.R.S. § 33-807(E), Quality is entitled to be dismissed from this action. This Reply is supported by the attached Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Plaintiff's Claims Regarding the Authority of the Signer are Unsupported and Speculative.

Plaintiff argues that certain documents recorded in connection with both a cancelled trustee's sale and a pending trustee's sale are in error. First, Plaintiff claims that a Substitution of Trustee dated April 8, 2009 is erroneous because no documents have been provided proving that Quality is the attorney-in-fact for First Horizon. (Response, p. 4.) As discussed below, in order to challenge the authority of a signer of a document, a party must make more than mere allegations. There must be some evidence of lack of authority. Plaintiff argues that she "has been provided no documents showing that QLS had legal authority to sign any of these documents. Accordingly, Plaintiff has stated a claim against QLS for a breach of its duties under the statute." (Response, p. 5.) It is not incumbent upon Quality to prove the authority of the signer where Plaintiff has not come forth with any evidence to challenge the authority of the signer.

Furthermore, the trustee's sale associated with that Substitution of Trustee was cancelled. Plaintiff admits the sale was cancelled on May 26, 2009. (Complaint, ¶ 52.) Therefore, any alleged defect in connection with the Substitution of Trustee is moot. The issue is not ripe

because there is no action being taken with respect to that Substitution of Trustee. The court lacks jurisdiction to decide moot questions because they do not require any answer. A case or controversy must exist at all stages of review. *Wolfson v. Brammer*, 616 F.3d 1045 (9th Cir. 2010). Further, the Court does not have jurisdiction to give opinions on moot questions. A claim is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome. The basic question is whether there exists a present controversy as to which effective relief can be granted. *Tate v. University Medical Center of Southern Nevada*, 606 F.3d 631 (9th Cir. 2010). Because the trustee's sale was cancelled, any issue concerning the underlying Substitution of Trustee is moot and should not be considered by the court.[1]

Second, Plaintiff claims that the Assignment of Deed of Trust recorded on April 15, 2010 at Recorder's No. 2010-0317611, (Complaint, Exhibit "E"), is void because the individual signing, Tim Bargenquast "cannot legally be appointed as a certifying officer/agent of MERS." (Response, p. 6.) Like all of the other claims, Plaintiff does not support this claim with any authority, either factually or legally. The Assignment is signed by MERS through its agent, Mr. Bargenquast.

With respect to negotiable instruments, pursuant to A.R.S. § 47-3308, a signature on an instrument is presumed to be authentic and authorized. The official comment to this code section states as follows: "Until some evidence is introduced which would support a finding that the signature is forged or unauthorized, the plaintiff is not required to prove that it is valid. The presumption rests upon the fact that in ordinary experience forged or unauthorized signatures are very uncommon, and normally any evidence is within the control of, or more accessible to, the defendant. The defendant is therefore required to make some sufficient showing of the grounds

---

[1] A copy of the Cancellation of Trustee's Sale is attached hereto as **Exhibit "A"**. The Cancellation was recorded on May 26, 2009 at Recorder's No. 2009-0469230. The court can take judicial notice of the Cancellation of Trustee's Sale pursuant to Rule 201, Federal Rules of Evidence.

AZ10-7174

for the denial before the plaintiff is required to introduce evidence." See also, *Valley Bank of Nevada v. JER Management Corporation*, 149 Ariz. 415, 719 P.2d 301, 304 (App. 1986), "[W]here the effectiveness of the signature is put in issue by a specific denial, the signature is presumed to be genuine or authorized, and the party claiming under the signature is not put to his proof until the party making the denial has produced 'some evidence' that would support a finding that the signature is forged or unauthorized."

Plaintiff makes the same argument regarding the "second" Substitution of Trustee, recorded on May 27, 2010 at Recorder's No. 2010-045024. (Response, p. 7.) Plaintiff again argues that the person who signed the Substitution, Marcia Williams, had no authority. However, Plaintiff offers no allegations to support the claim, other than speculation. If a party could challenge the authority of a signer of a document by simply claiming the person had no authority, there would be a virtual halt to commerce. Plaintiff must present more than just an unsubstantiated and speculative claim that the person signing the document does not have authority. Without more, Plaintiff has failed to set forth any claim upon which relief can be granted.

## II. This Substitution of Trustee Complies with A.R.S. § 33-804

Plaintiff argues that the Substitution of Trustee does not comply with A.R.S. § 33-804 because there was no resignation of the prior trustee. (Response, pp. 7, 8.) However, no resignation is required before a substituted trustee is appointed. A.R.S. § 33-804(B) states as follows: "The beneficiary may at any time remove a trustee for any reason or cause and appoint a successor trustee, and such appointment shall constitute a substitution of trustee." There is no requirement that a prior trustee resign before a new trustee can be appointed.

### III. Plaintiffs Have Not Alleged Quality Violated A.R.S. §§ 33-801 et seq. or the Deed of Trust.

Finally, Plaintiff's claims have nothing to do with alleged violations of A.R.S. §§ 33-801 et seq. or the Deed of Trust. Plaintiff's claims, if any, relate to authority of individuals who signed documents. They have nothing to do with the duties and obligations of the trustee. Only if there is "a breach of the trustee's obligation under this chapter or the deed of trust" should a trustee be joined in any legal action. Plaintiff cannot point to any provision of the Deed of Trust or A.R.S. §§ 33-801 et seq. that have allegedly been violated.

### IV. Conclusion.

For all the foregoing reasons, Quality's Motion to Dismiss should be granted. Quality is entitled to an award of its attorneys' fees pursuant to A.R.S. § 33-807(E).[2]

Respectfully submitted this 14th day of October, 2010.

McCARTHY ♦ HOLTHUS ♦ LEVINE

By: /s/ Paul M. Levine
Paul M. Levine
Matthew A. Silverman
Jessica R. Kenney
8502 E. Via de Ventura, Suite #200
Scottsdale, AZ 85258
Attorneys for Defendant Quality

ORIGINAL of the foregoing electronically
filed with the Clerk of the Court this 14th
day of October, 2010.

By/s/Joan B. Pyles

---

[2] Plaintiff claims that she is entitled to an award of attorneys' fees, even though the Plaintiff is representing herself.

EXHIBIT "A"

Recording requested by:

When recorded mail to:

Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101

**RECORDED ON:05/26/2009**
**INST. NO:20090469230**
**OFFICIAL RECORDS OF: MARICOPA**

Space above this line for recorders use

TS # AZ-09-270765-RM         Order # 30184361              Loan # 0054703863

## Cancellation of Trustee's Sale

The undersigned hereby cancels the Notice of Trustee's Sale recorded on **4/10/2009** Docket , Page , Instrument No. **20090320519**, in the office of the County Recorder of **MARICOPA**, State of Arizona on real property legally described as:

LEGAL DESCRIPTION ATTACHED AS EXHIBIT "A"

Which Notice of Trustee's Sale refers to a Deed of Trust executed by **BARBARA J. FORDE, A MARRIED WOMAN** as Trustor(s), in which **MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC AS NOMINEE FOR FIRST HORIZON HOME LOAN CORPORATION** is named Beneficiary (ies) and **NORTH AMERICAN TITLE** as Trustee, and recorded 8/8/2005 in Docket **xxx**, Page **xxx**, Instrument No. **20051125547** Records of **MARICOPA**, Arizona. The following Deed of Trust was dated **8/1/2005**.

Dated: 5/21/2009                QUALITY LOAN SERVICE CORPORATION

                                *[signature]*
                                By/ Rochelle Matkin, Assistant Vice President

State of California   )
County of San Diego)

On __5/21/09__ before me, **D. E. Turner** a notary public, personally appeared **Rochelle Matkin**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature *[signature]*                                    (Seal)  D. E. TURNER
D.E. Turner                                                        COMM. # 1830006
                                                                   NOTARY PUBLIC-CALIFORNIA
                                                                   SAN DIEGO COUNTY
                                                                   MY COMM. EXP. JAN. 9, 2013

Order No.: AZ-05-29004835
Customer Ref.: 0054703863

## EXHIBIT "A"

Lot 21, of Grayhawk Parcel 3j, according to the plat of record in the office of the County Recorder of Maricopa County, Arizona, recorded in Book 536 of Maps, Page 15.

EXCEPT all oil, gases and other hydrocarbon substances, helium or other substances of a gaseous nature, coal, stone, metals, fossils and fertilizers of every name and description and except all uranium, thorium, or any other material which is or may be determined by the laws of the State of Arizona, The United States of America or decisions of courts to be peculiarly essential to the production of fissionable materials, whether or not of commercial value, as reserved in Section 37-231, Arizona Revised Starutes.