**GUST ROSENFELD P.L.C.**
One East Washington Street, Suite 1600
Phoenix, AZ 85004-2553
Telephone No. 602-257-7422
Facsimile No. 602-254-4878
Richard A. Segal – 000877
rasegal@gustlaw.com
Christopher M. McNichol - 011023
mcnichol@gustlaw.com

**Attorneys for** Attorneys for Defendants First Horizon Home Loans, a division of First Tennessee Bank National Association; MetLife Home Loans, a division of MetLife Bank N.A.; The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FH05-FA8; and Mortgage Electronic Registration Systems, Inc.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Barbara J. Forde, a married woman dealing with her sole and separate property, | No. 2:10-cv-01922-MEA |
| Plaintiff, | |
| v. | REPLY IN SUPPORT OF MOTION TO STRIKE SUPERIOR COURT COMPLAINT UNDER RULES 8(a)(2) and (d)(1) |
| First Horizon Home Loan Corporation, a Kansas Corporation; Metlife Home Loans, a division of Metlife Bank, NA; The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FH05-FA8; First Horizon Home Loans, a division of First Tennessee Bank National Association; Mortgage Electronic Registration Systems, Inc., a Delaware Corporation; Quality Loan Service Corporation, a California Corporation; John and Jane Does 1-15, XYZ Corporations 1-15; ABC Limited Liability Companies 1-15; and 123 Banking Associations 1-15,1-15, | |
| Defendants. | |

1350196.2  10/15/2010                                -1-

Defendants First Horizon Home Loans, a division of First Tennessee Bank National Association, MetLife Home Loans, a division of MetLife Bank N.A., The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FH05-FA8, and Mortgage Electronic Registration Systems, Inc. (collectively, the "Bank Defendants") hereby reply in support of their Motion to Strike Superior Court Complaint under Rules 8(a)(2) and (d)(1) (the "Motion to Strike").

The procedural circumstances of this matter, including the removal of the action to this Court from the Maricopa County Superior Court, have been set forth in a number of filings already in this case and thus do not need belaboring.  Besides this Motion to Strike, there is also pending a motion to dismiss from the remaining defendant, Quality Loan Service, and Plaintiff's thinly supported motion to remand the case to the Superior Court, to which the Bank Defendants have responded in opposition.

As to the Motion to Strike, as Plaintiff tacitly admits, her Complaint is long, in fact too long.  But categorizing the criticism as based simply on length is simplistic.  Plaintiff's Response skirts presentation of any support for burdening all of the Defendants, in a case involving a residential loan transaction, with a 47-page Complaint, not counting exhibits, with 218 separately numbered main paragraphs, plus numerous subparagraphs.

As an attorney, Plaintiff is well aware that pleadings are supposed to be simple, direct and clear.  Contrary to that mandate, Plaintiff has created a day-by-day/minute-by-minute thicket to which the Bank Defendants cannot reasonably be expected to fashion simple and concise responses.

That Plaintiff relies on the *Hearns v. San Bernardino Police Dept*, 530 F.3d 1124 (Ninth Cir. 2008), as justification for her unwieldy Complaint actually proves the Bank Defendants' point.  The *Hearns* case involved alleged racial discrimination and

1   retaliation based on the claimant's 17-year history as a police officer.  Such a situation

2   might well require a thorough and lengthy pleading setting forth the factual predicates

3   for the discrimination claims.

4         This is not that case.  It involves a residential loan, where Plaintiff has

5   defaulted and now attempts to prevent enforcement against the subject secured property

6   in which she continues to reside.  Plaintiff's adorned recitation more befits a disclosure

7   statement or a closing argument at trial.  But this is the pleading stage.  The Bank

8   Defendants should not be forced to write a novella in order to answer a confusing

9   complaint.

10        All the Bank Defendants have asked is that Plaintiff present a simple,

11  direct and clear pleading to which the Bank Defendants can respond in similar fashion.[1]

12  As noted in the Motion to Strike, Plaintiff is a practicing Arizona attorney who

13  advertises as assisting borrowers in holding up foreclosures.  In that capacity, Plaintiff

14  should well know how to comply with appropriate pleading requirements in this case.

15        Plaintiff could have earlier filed, or sought leave to file, an amended

16  complaint.  She has done neither.  If Plaintiff wishes to specifically request that this

17  Court allow her to amend her Complaint to come into compliance with the applicable

18  Federal Rules of Civil Procedure, and this Court deems that appropriate, the Bank

19  Defendants certainly will comply with this Court's decision.

20        It is not, however, for the Bank Defendants to carry the laboring oar on

21  Plaintiff's procedural strategies.  The Bank Defendants have been presented with

---

[1] Plaintiff claims that the Motion to Strike is a "timewaster."  That is difficult for Plaintiff to contend where Plaintiff filed a 47-page/218-paragraph Complaint; and sued Quality Loan Service as a defendant, knowing that inclusion of a trustee under a deed of trust is improper  [*see* Quality's Motions to Dismiss filed in the State Court and now pending in this Federal Court, as well as the Bank Defendants' Response to Plaintiff's Motion to Remand]; and filed a groundless motion for remand of this properly-removed action, particularly where there is clear Ninth Circuit controlling authority to the contrary  [*see* Response to Motion to Remand]; and asked for attorneys' fees in various filings where it is clear that a pro per plaintiff is not so entitled  [*see* Response to Motion to Remand, and Response to Motion to Strike].

1350196.2  10/15/2010                                          -3-

1  something other than a simple, direct and clear pleading.  As it currently stands, the
2  Bank Defendants' Motion to Strike is well taken and should be granted
3        For these reasons, the Bank Defendants respectfully request that, pursuant
4  to Rules 8(a)(2) and (d)(1) of the Federal Rules of Civil Procedure, Plaintiff's Complaint
5  be stricken, and that they be awarded costs and fees.
6        Dated this 15th day of October, 2010.

                                    GUST ROSENFELD P.L.C.

                                    By */s/ Christopher M. McNichol*
                                       Attorneys for Defendants First Horizon Home Loans, a division of First Tennessee Bank National Association; MetLife Home Loans, a division of MetLife Bank N.A.; The Bank of New York Mellon f/k/a The Bank of New York, as Trustee for the Holders of the Certificates, First Horizon Mortgage Pass-Through Certificates Series FH05-FA8; and Mortgage Electronic Registration Systems, Inc.

Original efiled and copies electronically
mailed this 15th day of October, 2010, to:

Barbara J. Forde
20247 N. 86th Street
Scottsdale, AZ  85255
*Plaintiff*

Paul M. Levine, Esq.
McCarthy, Holthus & Levine
8502 E. Via de Ventura, Suite 200
Scottsdale, Arizona 85258
*Defendant Quality Loan Service Corporation*


*/s/ Shirley J. Rivera*

1350196.2  10/15/2010                                                         -4-