1

2

3

4

5

6                  **IN THE UNITED STATES DISTRICT COURT**

7                     **FOR THE DISTRICT OF ARIZONA**

8 | **BARBARA J. FORDE,**                        )
                                                  )
9 |            **Plaintiff,**        )    CIV 10-01922 PHX MEA
                                                  )
10 |            **v.**               )    ORDER
                                                  )
11 | **FIRST HORIZON HOME LOAN**     )
   **CORPORATION, METLIFE HOME**     )
12 | **LOANS, BANK OF NEW YORK**     )
   **MELLON, MORTGAGE ELECTRONIC**  )
13 | **REGISTRATION SYSTEMS, INC.,** )
   **QUALITY LOAN SERVICE**         )
14 | **CORPORATION,**                )
                                                  )
15 |            **Defendants.**       )
   _____  )

16

17        All of the parties to this matter have agreed to

18 magistrate judge jurisdiction over the proceedings, including

19 the entry of final judgment.  Before the Court is Plaintiff's

20 motion (Doc. 10) to remand this matter to the state court.[1]

21        On August 3, 2010, Plaintiff, proceeding *pro se*, filed

22 a complaint to quiet title to real property in the Maricopa

23 County Superior Court.  Plaintiff also alleged Defendants were

24 liable to her for monetary damages based on Defendants' breach

25 of contract.  The complaint further asserted causes of action

26

27        [1] A motion (Doc. 12) to dismiss Quality Loan Service Corporation
   as a party to this matter and Defendants' motion to strike (Doc. 8)
28 are also pending.

1 | based on negligence and fraud.   The claims derive from a
2 | $650,000 residential home loan to Plaintiff from First Horizon
3 | Home Loan Corporation.   The complaint filed in state court also
4 | sought injunctive relief, i.e., to vacate a substitution of
5 | trustee and assignment of deed of trust and Notice of Trustee's
6 | Sale.

7 | On September 20, 2010, Defendants Metlife Home Loans,
8 | Bank of New York Mellon, First Horizon Home Loans, and Mortgage
9 | Electronic Registration Systems Incorporated, filed a Notice of
10 | Removal in this Court.   Defendants assert complete diversity of
11 | the parties and the amount in controversy as the sole basis for
12 | the Court's jurisdiction over the complaint filed by Plaintiff
13 | in state Superior Court.   On September 22, 1010, these
14 | Defendants filed a motion to strike the complaint filed in the
15 | state Superior Court, citing Rules 8(a)(2) and (d)(1) of the
16 | Federal Rules of Civil Procedure.

17 | Plaintiff filed a motion to remand her suit to the
18 | state court on September 24, 2010, arguing that Defendants
19 | failed to comply with the technical requirements for removal.
20 | Defendants filed a response to the motion to remand (Doc. 13).
21 | In her reply to the response to her motion to remand, Plaintiff
22 | concedes that Defendants have met the technical requirements for
23 | removal, but Plaintiff now contends that the case should be
24 | remanded to the state court because of the nature of the causes
25 | of action.   See Doc. 22.   The Court notes that no party to this
26 | matter indicates there are or have been federal questions in
27 | this matter which would confer jurisdiction on a basis other
28 |

1 | than diversity.

2 |      The Court concludes judicial economy, fairness, comity,
3 | the existence of novel issues under Arizona law, and the
4 | necessity for the Court to interpret Arizona state statutes
5 | weigh heavily in favor of the Court declining jurisdiction over
6 | this matter.  Remand at this time will reduce litigation costs
7 | and eliminate any need to certify novel state-law issues to the
8 | Arizona Supreme Court or speculate how the Arizona Supreme Court
9 | would rule on those issues.

10 |      The Court acknowledges that it has a "virtually
11 | unflagging obligation" to exercise its jurisdiction. <u>Colorado
12 | River Water Conservation Dist. v. United States</u>, 424 U.S. 800,
13 | 817-18, 96 S. Ct. 1236, 1246-47 (1976).  The United States
14 | District Courts have an obligation and a duty to decide cases
15 | properly before them, and "[a]bstention from the exercise of
16 | federal jurisdiction is the exception, not the rule." <u>Id.</u>, 424
17 | U.S. at 813, 96 S. Ct. at 1244.  However, in certain exceptional
18 | circumstances, the Court can and should decline to exercise
19 | jurisdiction. "Pragmatic considerations of judicial efficiency,
20 | as well as reasons of comity between federal and state courts",
21 | have led the United States Supreme Court to construct several
22 | abstention doctrines.  <u>Hanlin Grp., Inc. v. Power Auth. of the
23 | State of New York</u>, 703 F. Supp. 305, 307 (S.D.N.Y. 1989).

24 |      A District Court may abstain from consideration of the
25 | merits of a diversity case because of unclear state law.
26 | <u>Railroad Comm'n of Texas v. Pullman Co.</u>, 312 U.S. 496, 499-500,
27 | 61 S. Ct. 643, 644-45 (1941); <u>Louisiana Power & Light Co. v.</u>

1   <u>City of Thibodaux</u>, 360 U.S. 25, 28-29, 79 S. Ct. 1070, 1073-74

2   (1959).  Abstention is also proper when necessary to avoid

3   needless conflict with state administrative procedures.  <u>See</u>

4   <u>Burford v. Sun Oil Co.</u>, 319 U.S. 315, 327, 63 S. Ct. 1098, 1104

5   (1943).  The Court may properly abstain from exercising

6   diversity jurisdiction when a similar legal action is pending in

7   state court.  <u>See</u> <u>Colorado River Water Conservation Dist.</u>, 424

8   U.S. at 817-18, 96 S. Ct. at 1246-47.  When the requirements for

9   abstention are present, the District Court's decision to abstain

10   from exercising diversity jurisdiction is a matter within the

11   Court's discretion.  <u>See</u> <u>Fireman's Fund Ins. Co. v. Quackenbush</u>,

12   87 F.3d 290, 294 (9th Cir. 1996).

13   **Burford abstention**

14   [T]he Supreme Court has stated that Burford
    abstention is appropriate in two situations.
15   First, federal courts should abstain from
    deciding difficult questions of state law
16   bearing on policy problems of substantial
    public import whose importance transcends the
17   result in the case then at bar. We should
    also abstain from the exercise of federal
18   review that would be disruptive of state
    efforts to establish a coherent policy with
19   respect to a matter of substantial public
    concern.

20

21   <u>International Coll. of Surgeons v. City of Chicago</u>, 153 F.3d

22   356, 362 (7th Cir. 1998) (internal citations and quotations

23   omitted).

24   The Supreme Court has characterized Burford abstention

25   as appropriate where the "exercise of federal review of the

26   question in a case and in similar cases would be disruptive of

27   state efforts to establish a coherent policy with respect to a

28   -4-

1 matter of substantial public concern." Colorado River, 424 U.S.
2 at 814, 96 S. Ct. at 1244.   See also Allegheny County v. Frank
3 Mashuda Co., 360 U.S. 185, 189, 79 S. Ct. 1060, 1063 (1959).
4 The purpose of Burford abstention is to "avoid resolving
5 difficult state law issues involving important public policies
6 or avoid interfering with state efforts to maintain a coherent
7 policy in an area of comprehensive regulation or
8 administration."   American Disposal Serv., Inc. v. O'Brien, 839
9 F.2d 84, 87 (2d Cir. 1988).   See also City of Tucson v. U.S.
10 West Commc'ns, Inc., 284 F.3d 1128, 1132 (9th Cir. 2002).   The
11 propriety of Burford abstention may be raised sua sponte.   See,
12 e.g., National Commc'n Sys., Inc. v. Michigan Pub. Serv. Comm'n,
13 789 F.2d 370, 372 (6th Cir. 1986); Chandler v. Omnicare/The HMO,
14 Inc., 756 F. Supp. 187, 189-90 (D.N.J. 1990).

15        While District Courts may abstain from hearing a matter
16 to avoid interfering with complex state administrative
17 processes, abstention is not required "whenever there exists
18 such a process, or even in all cases where there is a 'potential
19 for conflict' with state regulatory law or policy." New Orleans
20 Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S.
21 350, 362, 109 S. Ct. 2506, 2515 (1989).   Moreover, a District
22 Court should not abstain merely because there are complex and
23 difficult issues of state law involved in the controversy before
24 it.   Meredith v. Winter Haven, 320 U.S. 228, 236, 64 S. Ct. 7,
25 12 (1943).

26        When deciding whether to invoke Burford abstention the
27 Court must consider the underlying rationale of administrative

28                                  -5-

abstention.  Federal courts evaluating the wisdom of abstaining pursuant to Burford have considered whether the case before the court is based on federal or state law; the degree of specificity of the state regulatory scheme at issue; the necessity of discretionary interpretation of state statutes to resolve the matter; and whether the subject matter of the litigation is traditionally one of state concern.  See, e.g., Wilson v. Valley Elec. Membership Corp., 8 F.3d 311, 314 (5th Cir. 1993); Bethphage Lutheran Serv., Inc. v. Weicker, 777 F. Supp. 1093, 1098 (D. Conn. 1991).   Abstention in a diversity matter is warranted when the state has concentrated suits involving the local issue in a particular court; the federal issues are not easily separated from complicated state law issues with which the state courts may have special competence; and federal review might disrupt state efforts to establish a coherent policy.  Poulos v. Caesars World, Inc., 379 F.3d 654, 671 (9th Cir. 2004); City of Tucson, 284 F.3d at 1133; United States v. Morros, 268 F.3d 695, 705 (9th Cir. 2001).

The issues involved in this suit, i.e., Defendants' compliance with state law regarding real property mortgages and foreclosure, are issues subject to specific Arizona statutory and regulatory schemes and involving complex state administrative processes.   Because Burford abstention "is concerned with protecting complex state administrative processes from undue federal interference," Tucker v. First Md. Sav. & Loan, Inc., 942 F.2d 1401, 1404 (9th Cir. 1991) (internal quotation marks omitted), the Court concludes it should abstain

1   from exercising diversity jurisdiction over the complaint in

2   this matter.

3                      **Younger Abstention**

4            The "Younger" doctrine of abstention, which provides

5   that federal courts are not to interfere with pending state

6   criminal proceedings, also applies to civil cases and state

7   administrative proceedings.  See Middlesex County Ethics Comm.

8   v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S. Ct. 2515,

9   2521 (1982); Huffman v. Pursue Ltd., 420 U.S. 592, 604-05, 95 S.

10  Ct. 1200, 1208 (1975); Younger v. Harris, 401 U.S. 37, 40-41, 91

11  S. Ct. 748-49 (1971).  As with Burford abstention, the Court may

12  raise the issue of Younger abstention sua sponte.  See O'Neill

13  v. Coughlan, 511 F.3d 638, 641-43 (6th Cir. 2008); Morrow v.

14  Winslow, 94 F.3d 1386, 1390-91 (10th Cir. 1996); O'Neill v. City

15  of Philadelphia, 32 F.3d 785, 786 n.1 (3d Cir. 1994).

16           Under the Younger doctrine, a federal District Court

17  must abstain from hearing a federal case when that case

18  interferes with state judicial proceedings.  Additionally, the

19  District Courts are prevented from enjoining pending state

20  judicial proceedings, absent extraordinary circumstances.  See

21  Middlesex County Ethics Comm., 457 U.S. at 437, 102 S. Ct. at

22  2524.  Younger abstention is appropriate when: (1) there are

23  ongoing state proceedings that are judicial in nature; (2) the

24  state proceedings implicate important state interests; and (3)

25  the state proceedings provide an adequate opportunity to raise

26  any federal claims.  See, e.g., Lazaridis v. Wehmer, 591 F.3d

27  666, 670 (3d Cir. 2010).

28

1    It appears that there are on-going state proceedings
2  for the foreclosure of Plaintiff's real property.  Additionally,
3  Arizona has an important interest in resolving real property
4  issues.  A ruling on the issues in Plaintiff's complaint by the
5  Arizona courts implicates the important interest of preserving
6  the authority of the state's judicial system free from
7  interference by the District Court.  <u>See</u>, <u>e.g.</u>, <u>Prindable v.</u>
8  <u>Association of Apartment Owners of 2987 Kalakaua</u>, 304 F. Supp.
9  2d 1245, 1262 (D. Haw. 2003) (finding foreclosure and ejectment
10 proceedings are important state interests under the Younger
11 doctrine).

12    Plaintiff's complaint raises no potential federal
13 claims.  Accordingly, pursuant to Younger and its progeny, the
14 Court should abstain from reaching the merits of this matter.
15 <u>See</u> <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 15, 107 S. Ct.
16 1519, 1528 (1987).

17        **Rooker-Feldman abstention**

18    The fact that a foreclosure judgment has been entered
19 against Plaintiff by a state court is sufficient to invoke the
20 doctrine of "Rooker-Feldman" abstention.  The District Court
21 should decline jurisdiction over any claims relying on
22 allegations of wrongful foreclosure.

23    The doctrine established by the <u>Rooker</u> and <u>Feldman</u>
24 cases essentially holds that the federal District Court does not
25 have subject matter jurisdiction over cases brought by
26 "state-court losers" complaining of injuries caused by state
27 court judgments, or over cases inviting the District Court to

28                              -8-

review and reject state court judgments.  See Exxon Mobil Corp.
v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517,
1522 (2005).  The doctrine is generally applied in cases wherein
the plaintiff files a suit in the federal court to vacate a
state court's foreclosure.

The Rooker Feldman doctrine allows federal courts to
decline diversity jurisdiction when

> (1) the party in federal court is the same as
> the party in state court; (2) the prior state
> court ruling was a final or conclusive
> judgment on the merits; (3) the party seeking
> relief in federal court had a reasonable
> opportunity to raise its federal claims in
> the state court proceeding; and (4) the issue
> before the federal court was either
> adjudicated by the state court or was
> inextricably intertwined with the state
> court's judgment.

Storck v. City of Coral Springs, 354 F.3d 1307, 1310 n.1 (11th
Cir. 2003) (quotation marks and citation omitted). The Supreme
Court clarified the reach of the Rooker-Feldman doctrine in
Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125
S. Ct. 1517 (2005).  The Supreme Court carefully prescribed the
circumstances in which the doctrine applies: (1) there was a
state court action; (2) one party lost; (3) judgment was entered
in the state court action against the losing party; (4) the
losing party commenced a new action complaining of injuries
caused by the state court judgment; and (5) the new action
invited the district court to review and reject the state court
judgment.  Exxon Mobil Corp., 544 U.S. at 284, 125 S. Ct. at
1522.

1    Citing the Rooker-Feldman doctrine, in a string of

2 recent unpublished decisions the federal courts have uniformly

3 determined that federal suits seeking the recision of a mortgage

4 loan contract, or alleging that a lender's malfeasance resulted

5 in a foreclosure, belong in the state courts.  The courts have

6 reached this conclusion even when the plaintiff originates the

7 suit in federal court and asserts a claim based on the federal

8 Truth in Lending Act ("TILA").  <u>See</u>, <u>e.g.</u>, <u>Parker v. Potter</u>, 368

9 Fed. App. 945 (11th Cir. 2010); <u>Dempsey v. JP Morgan Chase Bank,</u>

10 <u>N.A.</u>,  272 Fed. App. 499, 502 (7th Cir. 2008); <u>Jacobowitz v. M</u>

11 <u>& T Mortg. Corp.</u>, 2010 WL 1063895, at *2 (3d Cir.).  <u>See</u> <u>also</u>

12 <u>Battah v. ResMAE Mortg. Corp.</u>, ___ F. Supp. 2d ___,  2010 WL

13 4260530, at *3 (E.D. Mich. 2010).

14              In the context of a state court foreclosure
             proceeding, Rooker-Feldman prohibits claims
15           brought in federal court that may "succeed
             only to the extent that the state court
16           wrongly decided the foreclosure action."
             <u>Postma v. First Federal Sav. & Loan of Sioux</u>
17           <u>City</u>, 74 F.3d 160, 162 (8th Cir. 1996).
             District courts within the Fourth Circuit
18           have consistently reached the same
             conclusion. <u>See</u>, <u>e.g.</u>, <u>Turner v. E. Savings</u>
19           <u>Bank, FSB</u>, No. 09cv2637, 2010 WL 1409858, at
             *3 (D. Md. Apr. 2, 2010); <u>Brumby v. Deutsche</u>
20           <u>Bank Nat. Trust Co.</u>, No. 1:09cv144, 2010 WL
             617368, at *3-4 (M.D.N.C. Feb. 17, 2010);
21           <u>Lawson v. Allegacy Fed. Credit Union</u>, No.
             1:08cv832, 2009 WL 3381532, at *2 (M.D.N.C.
22           Oct. 16, 2009); <u>Nott v. Bunson</u>, No. 09cv2613,
             2009 WL 3271285, at *2 (D. Md. Oct. 9, 2009).

23

24 <u>Poindexter v. Wells Fargo Bank, N.A.</u>, 2010 WL 3023895, at *2

25 (W.D.N.C.).

26

27

28                              -10-

**Conclusion**

Given the nature of the Arizona foreclosure process, it is difficult to determine when the rights of the parties regarding the subject residential property are completely determined.  The Court is left with a single conclusion based upon alternative doctrines.  Because this matter involves evolving issues of state administrative law, the notions of comity and judicial economy implicate Burford abstention. Pursuant to the Rooker-Feldman doctrine, the Court should decline to conduct an appellate-like review over the order authorizing the sale of the real property.  Alternatively, if there has been no final determination of the rights of the parties because the foreclosure process has not been concluded, then the Court should abstain under the Younger doctrine.

Accordingly,

**IT IS ORDERED that** Plaintiff's motion (Doc. 10) to remand this matter to state court is **granted**.  The Clerk of the Court shall engage in the process required for remand of this matter to the state Superior Court from which it was removed.

**IT IS FURTHER ORDERED that** the pending motions at Doc. 8 and Doc. 12 are **denied without prejudice**.

DATED this 3rd day of December, 2010.

_____
Mark E. Aspey
United States Magistrate Judge

-11-